STATE v. ASHLEY C. RIGGS.

December 6, 1898.

Nos. 11,276—(13).

**Burglary—Evidence Insufficient to Convict.**
> On appeal from a conviction of the crime of burglary in the third degree, it is *held* that the evidence was wholly insufficient to support such conviction.

From a judgment of the district court for Wright county, Tarbox, J., sentencing Ashley C. Riggs, Jr., to hard labor in the state prison at Stillwater for three years, after a conviction for burglary, he appealed. Reversed.

*W. H. Cutting,* for appellant.

*H. W. Childs* and *George B. Edgerton,* for respondent.

COLLINS, J.

Defendant was convicted of the crime of burglary in the third degree, and sentenced to state's prison for the period of three years. He appeals from the judgment, and makes a number of assignments of error. We pass by all except the last, which is that the verdict is contrary to law and is not justified by the evidence.

In our opinion, the judgment of conviction must be reversed, as wholly unwarranted. From the evidence it appears that the "Monticello Social Club" occupied a room in a building in the village of Monticello, fitted up as is the ordinary saloon, in which liquors and cigars were sold or disposed of. One Allen was in charge, as the secretary of the club, and a man named Machtel slept in the room every night.

Defendant, Riggs, 24 years of age, who had resided in this village all of his life, had been a member of this club up to a few hours before he was arrested on the charge of burglary. He seems to

have then ceased to be a member, because the amount deposited by him had been "withdrawn" from time to time. He was in this room all of the evening, and was evidently drunk, and somewhat disorderly when Allen locked the front door, about 9 o'clock. Riggs then went out the back door. Allen started towards his home, but, returning, lay down near the back door. Machtel was left in the room. He went to bed, leaving, as he said, the light turned partly down.

What occurred subsequently was fairly stated by the court in its charge, in substance as follows: Riggs came back with Hallett, a brother-in-law, and knocked at the back door. Both went away, and, returning together, Riggs kicked or knocked a hole in the door. They then left, but soon afterwards Riggs returned, and crawled into the room through this hole. Machtel then turned the light up, and Riggs crawled outside. He soon knocked on the door again, Machtel opened it, and Riggs stepped in, closely followed by Allen. The latter went for an officer, and Riggs remained in the room until he was arrested, about 11 o'clock at night. It was shown that he was very disorderly while Allen was looking for an officer; that he had a revolver, shot into the floor, and made threats against Allen with whom he had had a previous difficulty. It was also shown that, upon leaving the room for the first time that evening, Riggs, accompanied by Hallett, went to a brother's house near by, and there borrowed 50 cents for the avowed purpose of returning to the room for a bottle of whiskey.

It seems to a majority of the court that a monstrous injustice was committed when, on this evidence, Riggs was convicted of the crime of burglary. We are unable to find a particle of evidence tending to show that he broke into this building with an intent to take, steal or carry away the money, goods or chattels of another person. He was drunk, and wanted more liquor. He had borrowed money with which to buy another bottle. He demanded that the door be opened, and then, in an ugly drunken mood, kicked in the door because his demand was not complied with. He knew that either Allen or Machtel, or both, were in the room, and if, as testified to by them, but denied by Riggs, he crawled in through the hole in the door, it was not with an intent to steal.

Burglaries are not attempted or committed in the manner indicated by this evidence, and the conduct of both Allen and Machtel shows conclusively that they did not for a moment suppose that Riggs was a burglar. Evidently they regarded him as a drunken rowdy, and, in that, they were right. He should have been punished as drunk and disorderly, not as a burglar.

The judgment is reversed, and the court below ordered to dismiss the indictment and discharge the defendant.

CANTY, J. (dissenting).

I cannot concur in the foregoing opinion. This court has no right to assume that defendant knew that any one was in the saloon when he kicked in the door.

The evidence tends to prove that about 11 o'clock at night, in company with his brother-in-law, he came to the back door of the place, knocked, and listened several times, but received no answer. Then he swore, and threatened to break in and get what he wanted. The place had already been closed for the night. A witness who was concealed in an outhouse near by testified that defendant said: "I am going to have what I want out of there." "I am going to get in there, and get what I want." Then he broke in the panels of the door, stopped and listened, ran away, returned in a few moments and crawled through the hole in the door. A person sleeping on the inside turned up the light, and defendant went back and crawled out through the hole in the door. Then he went away, returned in about 15 minutes, again knocked on the door, and was admitted by the person inside.

While the evidence that the defendant intended to commit the crime of burglary is not altogether.satisfactory, I am of the opinion that it sustains the verdict. The evidence warranted the jury in finding that defendant broke into the building with intent to steal whiskey, beer or other liquor. The fact that he was somewhat drunk does not excuse the crime. State v. Welch, 21 Minn. 22.

I am strongly of the opinion that, if I had been the trial judge, I would never have given this defendant such an excessive sentence as this appears to be, or have sentenced him to the penitentiary at all. But we occupy towards this case the cold-blooded

position of an appellate court, and have no discretion which we may exercise by showing mercy. In my opinion, defendant's remedy is by an application to the pardoning power, and not by an appeal to this court.