## STATE v. ISADORE RUDIN.[1]

September 22, 1922.

No. 23,088.

**Statute does not embrace more than one subject.**

1. Chapter 338, Laws of 1921, does not violate the constitutional provision that "no law shall embrace more than one subject."

**Writ of habeas corpus does not serve as writ of error.**

2. The writ of habeas corpus reaches only those defects which render a judgment void, and cannot serve the purpose of an appeal or writ of error.

**Conviction not void because record silent whether complaint was sworn to.**

3. Where the court had jurisdiction of the defendant and of the offense, the failure of the record to show that the complaint was sworn to did not render its judgment void.

[1]Reported in 189 N. W. 710.

No release of prisoner on habeas corpus in custody upon final judgment of
    competent court.
    4.  Where a defendant is in custody by virtue of the final judgment
of a competent court, he cannot be released on a writ of habeas corpus.


Relator was charged with the offense of transporting intoxicat-
ing liquor, tried in the municipal court of Minneapolis, pleaded
guilty and sentenced to the workhouse.  Upon his relation the dis-
trict court for that county, Hale, J., granted its writ of habeas
corpus.  Writ discharged and relator appealed.  Affirmed.

*McDonald, Frisch & Ryan,* for appellant.

*C. L. Hilton,* Attorney General, *Neil M. Cronin,* City Attorney, and
*Thomas B. Kirkbride,* Assistant County Attorney, for respondent.


TAYLOR, C.

The relator was brought before the municipal court of the city
of Minneapolis, charged with the offense of transporting intoxicat-
ing liquor in violation of the provisions of an ordinance of that city.
He pleaded guilty to the charge and was sentenced to the work-
house for a period of 90 days and committed thereto.  Thereafter
he sued out a writ of habeas corpus from the district court of Henne-
pin county, alleging that the ordinance under which he was con-
victed was void and of no effect.  The writ was discharged by the
district court and he appealed to this court.

The ordinance in question was enacted under and pursuant to the
provisions of chapter 338, p. 519, of the Laws of 1921.  The relator
asserted in his petition that both this statute and the ordinance
enacted under it violated the constitutional provision that "no law
shall embrace more than one subject,"[1] but did not urge that claim
very seriously at the hearing before this court.  That claim cannot
be sustained.

The several provisions of the act are germane to its general pur-.
pose, as expressed in its title, within the rule stated in State v.
Brothers, 144 Minn. 337, 175 N. W. 685, and the cases therein cited.
And, assuming that the ordinance must be confined to one subject

[1][Const. Minn. art. 4, § 27]

which must be expressed in its title, we find nothing in this ordinance contravening such a requirement.

The relator bases his principal contention on the claim that the complaint made in the municipal court was not verified and that the proceedings in that court were invalid for that reason. The complaint was evidently made orally and reduced to writing by the clerk, as authorized by the statute governing the procedure in that court. The record does not disclose whether the complaint was, or was not, made under oath. That the complaint is sufficient in substance and that the judgment and commitment are regular and sufficient in form is not questioned.

The writ of habeas corpus reaches only those defects which render the judgment void and cannot be made to serve the purpose of an appeal or writ of error. Dunnell, Minn. Dig. and Supps. § 4129, and cases there cited. The failure to verify the complaint, if in fact it was not verified, was an irregularity which did not deprive the court of jurisdiction nor render its judgment void. State v. Riley, 116 Minn. 1, 133 N. W. 86; State v. Brown, 149 Minn. 297, 183 N. W. 669. The court had jurisdiction of the relator and of the offense, and also had jurisdiction to render the particular judgment for that offense which it did render. It follows that the relator was committed to the workhouse under and pursuant to the final judgment of a competent court. Where a defendant is in custody by virtue of the final judgment of a competent court, he cannot be released therefrom under a writ of habeas corpus. G. S. 1913, § 8296; Dunnell, Minn. Dig. & Supps. § 4132, and cases there cited. If he wishes to attack the proceedings for error or irregularity, he must do so by appeal or writ of error. The case of State v. Olson, 115 Minn. 153, 131 N. W. 1084, on which the relator relies, is not in point, for the questions involved in that case were presented on an appeal from the judgment. The writ of habeas corpus issued in the present case must be, and is, discharged.