Ex parte CLYDE FARRAR.

No. A-10244. May 27, 1942.

(126 P. 2d 545.)

Sid White, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J.  This is an original proceeding in habeas corpus wherein the petitioner, Clyde Farrar, seeks to obtain his release from the State Penitentiary.

The verified petition filed herein alleges, in substance, as follows:

"That on November 16, 1934, petitioner was charged, jointly with Courtney Clark Jordan, in the District Court of Oklahoma County with the crime of robbery with firearms.  That on December 10, 1934, petitioner and said Jordan went to trial upon said charge before a jury with an assigned judge from another judicial district presiding.  That upon conclusion of said trial, the jury returned a

verdict of guilty and assessed the petitioner and said Jordan a term of twelve years in the State Penitentiary.

"That, thereafter, the said assigned judge did vacate and set said verdict aside for want of sufficient believable evidence to support same and petitioners were remanded to jail.

"That petitioner and said Jordan were each and both of them innocent of said charge, but, being unable to make bail, both continued to be incarcerated in jail until February 7, 1935. That on and prior to February 7, 1935, petitioner and said Jordan were approached by two assistant county attorneys of Oklahoma County who induced them to withdraw their pleas of not guilty and enter a plea of guilty to said charge and receive a ten-year suspended sentence.

"That petitioner and said Jordan had each been previously convicted of a felony in Oklahoma County and were not eligible for a suspended sentence, but they were uneducated and unlearned in the law and did not know they were not eligible to receive a suspended sentence; and, acting solely on the advice and representation of the two assistant county attorneys did go before the court on February 7, 1935, and withdraw their previous pleas of not guilty and entered their plea of guilty. That the assistant county attorney recommended that each be given a sentence of ten years in the State Penitentiary, and recommended that each of said sentences be suspended. That the district judge before whom said petitioner and Jordan were taken was not the judge who had presided at the trial of said cause, but was one of the resident judges of Oklahoma County. That when he was informed by the assistant county attorney that the petitioner and said Jordan had each previously been convicted of a felony, he refused to give them a ten-year suspended sentence as recommended by the county attorney, but did sentence them to serve 25 years in the State Penitentiary and ordered said sentences suspended, and your petitioner was accordingly set at liberty.

"That thereafter on February 12, 1936, the petitioner was arrested for vagrancy and brought before the District Court of Oklahoma County for revocation of said order of suspension of his sentence. That the petitioner at that time could have defended himself against said accusation upon which said order of suspension was sought to be revoked, but was advised by the judge that such defense would not avail him for the reason that the court had made a mistake in giving him a suspended sentence in the first instance as he was not entitled to a suspended sentence under the statute because of his former conviction. That said court did, at that time, accordingly, enter an order revoking the twenty-five year suspended sentence and your petitioner has, since that date, been incarcerated in the State Penitentiary at McAlester."

This court issued a rule to show cause and a hearing was had upon said petition on the 6th day of May, 1942. Without detailing all of the evidence which was introduced at said hearing, it is sufficient to state that the proof on behalf of the petitioner, which was undisputed by the state, abundantly supported the allegations of his petition.

The district judge who presided at the trial of petitioner appeared before this court and testified that the petitioner and said Jordan were accused in the robbery case with taking some clothes from a prostitute in Oklahoma City. That the prosecutrix appeared to be a narcotic addict, in addition to being a prostitute, and that the story she related on the witness stand was so improbable that he could not believe the same. That he allowed the case to go to the jury thinking the jury would acquit the petitioner and Jordan, but that the county attorney, in his closing argument to the jury, made a "vicious and inflammatory" argument, which, no doubt, caused the jury to return the verdict of guilty. That he set the ver-

dict aside and would have dismissed the case had he been a resident judge of Oklahoma county.

We think the petitioner's constitutional rights have been denied. It is undisputed that he and his codefendant, Jordan, entered their pleas of guilty after it had been represented to them that they were eligible for and would receive a ten-year suspended sentence and thus secure their release from confinement if they would enter their plea of guilty. It is easy for this court to see how these two boys, who had remained in jail for approximately 60 days after the trial judge had set aside the verdict of guilty rendered by the jury because of the lack of sufficient believable evidence, would jump at the chance to secure their liberty by obtaining a suspended sentence.

The statute under which the sentence was suspended is 22 O. S. 1941 § 991. Under the terms of this statute no person is eligible for a suspension of sentence "who has not, prior thereto, borne a good reputation, or who may have been, prior thereto, convicted of any crime in any state or territory of the United States."

The district court and county attorney were familiar with this statute. The petitioner was mistakenly informed as to his eligibility for a suspended sentence. There can be no doubt that the pleas of guilty would not have been entered if the court had informed them at the time they entered their plea that they were not eligible for a suspended sentence because of their prior conviction.

In Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645, it is stated:

"Every person charged with a crime, whether guilty or innocent, is entitled to a fair and impartial trial according to the due and orderly course of the law, and it is a duty resting upon the courts to see that the guaranty of such a trial, conferred by the laws upon every citizen, shall be upheld and sustained.

"The remedy of habeas corpus is available wherever it is found that the court in which the petitioner was tried had no jurisdiction to try him, or that in its proceedings his constitutional rights were denied.

"Under the Bill of Rights, an accused has the right to consult with counsel and to be fully advised as to his rights, and as to the consequences of his act before entering his plea to the indictment or information.

"Where the evidence shows that the county attorney and district judge promised the defendant that if he would plead guilty to a charge then pending against him that the judgment and sentence which would be pronounced would run concurrently with a sentence which had theretofore been imposed upon the defendant, but suspended during his good behavior, and which promises were impossible to fulfill by the court for the reason the court was without authority to provide that s a i d sentences should run concurrently, and where the evidence further shows that the defendant was without the advice of counsel and would not have entered his plea except for the representations made by the trial judge and county attorney, this court on a habeas corpus proceeding may inquire into the proceedings and order the defendant discharged from custody or vacate the judgment and remand t h e s a m e to the trial court for further proceedings thereon."

In Howington v. State, 30 Okla. Cr. 243, 235 P. 931, this court held:

"A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea."

The pleas of guilty entered by petitioner and Jordan were induced by promises which could not lawfully be carried into execution, and we think a plea of guilty thus obtained is contrary to the spirit of the Bill of Rights of our Constitution. Under such circuumstances, it is

our opinion that the judgment and sentence pronounced in cause numbered 9867 in the district court of Oklahoma county is void and that the petitioner, Clyde Farrar, is unlawfully restrained of his liberty and imprisoned by reason thereof without due process of law.

It is therefore ordered that the judgment and sentence pronounced in cause numbered 9867 in the district court in and for Oklahoma county, State of Oklahoma, so far as it affects Clyde Farrar, be and the same is hereby vacated and set aside.

It is further ordered that the writ of habeas corpus as prayed be issued, and that the warden of the State Penitentiary at McAlester, Okla., be and is hereby commanded forthwith to deliver into the custody of the sheriff of Oklahoma county, Okla., the petitioner, Clyde Farrar.

It is further ordered that the sheriff of Oklahoma county, Okla., hold the said Clyde Farrar pending the disposition of the crime alleged against him in cause numbered 9867 in the district court of Oklahoma county, or until he is discharged by the making of bail, or otherwise, in accordance with the law as provided in such cases.

BAREFOOT, P. J., and DOYLE, J., concur.