Ex parte JOHN CLIFFORD MITCHELL.

No. A-10629. Oct. 31, 1945.

(163 P. 2d 238.)

Luther P. Lane and Mild Hubler Webb, both of Tulsa, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J. Petitioner, John Clifford Mitchell, was charged in the district court of Tulsa county with the larceny of an automobile; was tried, convicted and sentenced by the court, on December 4, 1942, to serve a term of 15 years in the State Penitentiary. No appeal was taken from the judgment and sentence, and petitioner is now in the penitentiary, serving this sentence.

On May 10, 1945, petitioner filed in this court his petition for a writ of habeas corpus, seeking his release and discharge from the penitentiary. A demurrer to the petition was filed by the Attorney General on behalf of the warden, as respondent.

As grounds for granting the writ, petitioner alleges that the trial court:

"(a) Failed to instruct upon the defendant's theory of the case.

"(b) Failed to instruct on circumstantial evidence and that therefore he has been deprived of his liberty without due process of law."

Counsel, in his brief, states:

"In raising this question which has never been passed on, so far as my research goes, by this Court and I have searched diligently in other Digests and other authorities including Corpus Juris Secundum and American Jurisprudence, I am aware that I am asking this court to do a bit of pioneering. * * *

"I am aware

"1st—That the habeas corpus is not a substitute for a writ of error.

"2nd—That the court will not analyze the evidence to determine his guilt or innocence.

"But—

"This court is committed not only to the proposition that they will determine jurisdiction but they will go further and see if his constitutional rights were denied and if so grant a writ of habeas corpus."

To support this contention, the following cases are cited: Ex parte Farrar, 74 Okla. Cr. 390, 126 P. 2d 545; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645; State ex rel. v. Higgins, 76 Okla. Cr. 321, 137 P. 2d 273; Ex parte Davis, 66 Okla. Cr. 271, 91 P. 2d 799; Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18; and Ex parte Sullivan, 10 Okla. Cr. 465, 138 P. 815, Ann. Cas. 1916A, 719.

A reading of these cases at once reveals that the facts therein are in no wise comparable to the facts in the instant case. We therefore deem it unnecessary to discuss them.

The fundamental error complained of is that the court did not give an instruction to the jury upon circumstantial evidence, and did not instruct the jury upon defendant's theory of the case. Defendant's theory of the case is not stated. The record attached to the peti-

tion only contains the opening statement of the county attorney, the evidence, and the instructions of the court. The verdict of the jury and the judgment and sentence do not appear. The conviction did not rest solely upon circumstantial evidence. Petitioner was represented by counsel at his trial, and no request for an instruction on circumstantial evidence was presented.

It has been so often held by this court that the writ of habeas corpus may not be substituted for an appeal that the citation of authorities is unnecessary. The reasons for the rule are fully set out in the cases announcing the rule.

A careful reading of the record does not reveal that any fundamental error was committed, or that any of petitioner's constitutional rights were denied. It is shown that petitioner has four times previously been convicted of a felony, and served sentences in the State and Federal prisons therefor. This no doubt was one of the reasons for the sentence of 15 years in this case.

Finding no error, the petition for writ of habeas corpus is denied.

JONES, J., concurs. DOYLE, J., not participating.