ROBERT KUBUS v. EDWIN T. SWENSON.[1,2]

June 25, 1954.

No. 36,423.

*Robert Kubus, pro se,* for appellant.

NELSON, JUSTICE.

Petitioner appeals from an order of the district court of Washington county denying his petition for a writ of habeas corpus. He contends that the following facts justify an issuance of the writ:

On September 20, 1945, a complaint was filed charging petitioner with a violation of M. S. A. 622.06 (grand larceny, second degree) committed on September 11, 1945. On or about September 13, 1945, he left this state and was continuously absent until his return to

[1]Reported in 65 N. W. (2d) 177.
[2]Certiorari denied, 348 U. S. 877, 75 S. Ct. 114, 99 L. ed. ——.

Minnesota on or about November 5, 1949. Thereafter, on December 5, 1949, defendant was arraigned upon an information found and filed on said date and subsequently entered a plea of guilty on January 16, 1950.

Petitioner contends that the district court of Hennepin county lacked jurisdiction to sentence him and cites as authority § 628.26, which contains the following provision as to limitations on prosecution for crimes other than murder:

"* * * indictments shall be found and filed in the proper court within three years after the commission of the offense; but the time during which the defendant shall not be an inhabitant of, or usually resident within, this state, shall not constitute any part of the limitation of three years."

Petitioner maintains that the three-year statute of limitations had run. He attempts to discount the tolling provision of said statute on the ground that, since officials of the state of Minnesota were aware of his whereabouts during all but a few months of the time of his absence from the state, their failure and refusal to extradite him caused the statute to run, and therefore the three-year period had expired some 14 months before his return to the state.

The tolling provision of § 628.26 is clear and unambiguous in providing that the statute shall not run during the absence of the defendant from the state. Here, petitioner left the state two days after committing the felony and did not return for approximately four years and two months. Approximately one month after his return to the state, the information was filed against him. Therefore, there is no basis for any contention that the state did not act promptly to bring him to trial. We have found no authority to support petitioner's contention that the officials of the state of Minnesota had a duty to bring extradition proceedings against him within three years after commission of the crime.

Since there is no support for any contention that the sentencing court lacked jurisdiction of both the petitioner and the subject matter, it appears clear that that court was competent to hear the case. Likewise, it is equally clear that the remedy of habeas corpus

does not lie here since the statute providing this remedy specifically excludes operation of habeas corpus as to "persons committed or detained by virtue of the final judgment of any competent tribunal of civil or criminal jurisdiction." § 589.01. As stated in State v. Rudin, 153 Minn. 159, 161, 189 N. W. 710, 711:

"* * * Where a defendant is in custody by virtue of the final judgment of a competent court, he cannot be released therefrom under a writ of habeas corpus."

We conclude that there is no merit to the petition, and in the light of the foregoing discussion, there is no necessity of any detailed comment on petitioner's other arguments.

The appeal from the order below denying a petition for writ of habeas corpus is therefore dismissed.

Appeal dismissed.