STATE v. ROBERT J. KUBUS.[1, 2]

January 7, 1955.

No. 36,555.

*Robert J. Kubus, pro se,* for appellant.
*Miles W. Lord,* Attorney General, for the State.

KNUTSON, JUSTICE.

This is an appeal from an order of the district court of Hennepin county denying a petition for a writ of *coram nobis*. Petitioner also has filed a petition for a writ of certiorari.

On December 5, 1949, petitioner was charged by information with having committed the crime of larceny in the second degree on or about September 11, 1945. The information further states "That said Robert J. Kubas [Kubus], since the said on or about the 11th day of September, 1945, has not been an inhabitant of, or usually resident within, the State of Minnesota." He was arraigned on December 5, 1949, and entered a plea of not guilty. On December 12, he appeared in open court and withdrew his plea of not guilty and entered a plea of guilty. The record shows that at that time he was represented by counsel. He was then charged by information with two prior convictions. He entered a plea of guilty thereto, whereupon he was sentenced to the state prison for an indeterminate term according to

[1]Reported in 68 N. W. (2d) 217.
[2]Certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. Ed. ——.

law. On January 16, 1950, he was granted a parole and committed to the care of a parole officer of Hennepin county. On July 12, 1950, he violated his parole by taking and using an automobile without the owner's permission and by failing to keep the probation officer advised of his whereabouts. His parole thereupon was revoked, and he was returned to the state prison, where he has been confined under his commitment since that time.

On May 28, 1954, petitioner filed in the district court of Hennepin county a petition for a writ of *coram nobis,* alleging that the conviction of another offense on February 3, 1948, a date subsequent to the commission of the offense for which he was sentenced, was inadmissible and that it was not proper to impose additional sentence on account thereof. The matter came before the Honorable Frank E. Reed, judge of the district court of Hennepin county, who, after consideration of the petition, entered his order striking from the judgment roll that part of the information alleging conviction of a felony on February 3, 1948, and correcting the judgment accordingly, effective *nunc pro tunc* as of the date of the original judgment. A copy of the court's order was delivered to the warden of the state prison. The court's order apparently was based on State v. McKenzie, 182 Minn. 513, 235 N. W. 274, where we held that prior convictions, in order to be available for increased punishment, must precede the commission of the offense for which sentence is being imposed.

On October 16, 1954, petitioner filed another petition or notice of motion for leave to file a petition for a writ of *coram nobis.* We have examined the entire file in the district court in this matter, and as near as we can determine, petitioner now claims to be entitled to his freedom on the ground that, at the time he was convicted of the offense for which sentence was imposed, our statute of limitations had run against prosecution for this offense. He contends that the county attorney was guilty of deceit and fraud in failing to call certain matters to the attention of the court at the time he was convicted and at the time that sentence was imposed. He states in his petition that on April 1, 1946, he was incarcerated in the federal prison at McNeil Island, Washington, and that on that date

the sheriff of Hennepin county notified the warden of that prison that the authorities of Hennepin county wished to place a detainer against him on account of the offense here involved; that on October 18, 1947, the sheriff of Hennepin county, on the advice of the county attorney, notified the warden of the federal prison that Hennepin county did not wish to go to the expense and trouble of extraditing petitioner at that time; and that the authorities in Minnesota thereupon gave up their right to petitioner. Apparently it is petitioner's claim that, inasmuch as the state of Minnesota knew of petitioner's whereabouts, it was mandatory upon them that they extradite and prosecute him within the three-year limitation provided by our statute or the time would run against prosecution. It is his claim that the officials of Hennepin county were guilty of fraud and deceit in failing to call this matter to the attention of the court; that the court was ignorant of these facts at the time the judgment was entered; and that, had they been known, the judgment would not have been entered.

The writ of *coram nobis*[3] is an old common-law writ, the purpose of which was to correct a judgment for errors in fact in the same court in which it was rendered.

"* * * In modern practice, the writ of error coram nobis may be defined as a common-law writ issuing out of a court of record to review and correct a judgment of its own relating to some error in fact as opposed to error in law, not appearing on the face of the record, unknown at the time without fault to the court and to the parties seeking relief, but for which the judgment would not have been entered." New England Furniture & Carpet Co. v. Willcuts (D. Minn.) 55 F. (2d) 983, 987.

---

[3]Sometimes this writ was called *coram vobis*. The distinction pointed out at an early date as regards English practice is that the writ "is called coram nobis or coram vobis according as the proceedings are in the king's bench or the common pleas, because the record is stated to remain before us (the king) if in the former, and before you (the judges) if in the latter." 3 Am. Jur., Appeal and Error, § 1276.

In federal practice a proceeding by motion is the modern substitute for the ancient writ. United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. ed. 129; Robinson v. Johnston (9 Cir.) 118 F. (2d) 998.

We have abolished the writ in favor of a motion in our civil practice. Rule 60.02 of Rules of Civil Procedure. We need not determine, however, whether the writ, as such, is still available to correct errors in fact in a criminal proceeding. This court is not inclined to deny a person convicted of a felony relief due to a misnomer in the method in which he proceeds, if there is any merit to his claim that he is unlawfully imprisoned. However, there ought to be some limit to the consideration given to any person by the courts. The very same question now raised by petitioner was presented to the district court of Washington county on a petition for a writ of habeas corpus. On appeal here we held that under our statute of limitations the state was under no obligation to extradite petitioner within the three-year limitation. Kubus v. Swenson, 242 Minn. 425, 65 N. W. (2d) 177. His petition for a writ of certiorari was denied by the United States Supreme Court on November 8, 1954, 348 U. S. 877, 75 S. Ct. 114, 99 L. ed. ——. Thereafter this proceeding followed, in which the same question is raised as was raised in the former proceeding. While we held in the former appeal that the remedy by habeas corpus does not lie under the circumstances there shown to exist, we did pass upon the legal question that goes to the very heart of the present proceeding. If, as we said there, the state is under no obligation to extradite petitioner during the three-year period of limitation provided by our statute, then there was no error in fact which, if brought to the attention of the court, could have led to any judgment different from the one entered. That being true, petitioner has not shown that he is entitled to any relief under a writ of *coram nobis* or substitute motion, whichever is proper under our practice. Consequently, there is no merit to this appeal.

We quote with approval what the Honorable John B. Sanborn said in Higgins v. Steele (8 Cir.) 195 F. (2d) 366, 369, in dealing

with the right of a convicted person to file his petition for a writ of habeas corpus *in forma pauperis:*

"The federal courts should, we think, do all that reasonably and lawfully may be done to dispose of petitions for habeas corpus, and kindred proceedings, which are patently frivolous or obviously without merit, as expeditiously and with as little trouble and expense to the respondents as possible. While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harassed by patently repetitious, meritless, frivolous or malicious proceedings."

This appeal is obviously so lacking in merit that it should be disposed of expeditiously. The petition for a writ of certiorari is denied and the order appealed from is affirmed.

Affirmed.