STATE EX REL. JOSEPH GYARMATI v. H. L. RYDEEN.[1]

January 27, 1956.

No. 36,686.

*Joseph Gyarmati,* pro se.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent as warden of the state prison.

NELSON, JUSTICE.

Relator appeals from an order of the district court for Washington County denying his petition for the issuance of a writ of habeas corpus.

Relator, while under valid arrest, was indicted by the grand jury in Ramsey County for the crime of murder in the first degree on October 23, 1913. He was duly arraigned on the charge October 27, 1913. He entered a plea of not guilty. The court appointed counsel for his benefit, and he went to trial before the court and the jury duly impanelled, which returned a verdict of guilty December 11, 1913. On January 2, 1914, the relator, after sentence by the district court, was committed to the Minnesota State Prison for the term of his natural life.

It is an established rule in this state that a prisoner committed or detained by virtue of a final judgment of a competent tribunal cannot be released on habeas corpus. Jurisdiction in this connection

---

[1]Reported in 74 N. W. (2d) 671.

means jurisdiction of the person and the subject matter and jurisdiction to render the particular judgment. 8 Dunnell, Dig. (3 ed.) § 4132; State v. Rudin, 153 Minn. 159, 189 N. W. 710; Kubus v. Swenson, 242 Minn. 425, 65 N. W. (2d) 177, certiorari denied, 348 U. S. 877, 75 S. Ct. 114, 99 L. ed. 690.

The remedy of habeas corpus does not lie here since the statute providing this remedy specifically excludes operation of habeas corpus as to persons committed or detained by virtue of the final judgment of any competent tribunal of civil or criminal jurisdiction. M. S. A. 589.01.

No appeal was taken by relator following his conviction. He alleges insufficiency of counsel. This is not well founded since he had opportunities during arraignment and during the trial to be heard by the district court. The denial of a constitutional right to a defendant, where the right to due process of law is left unimpaired, is not fatal to the jurisdiction of the court, and error resulting from such denial must be corrected through appeal rather than by resort to habeas corpus. State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034.

No appeal was taken; the relief sought is denied; and the order of the court below affirmed.

Affirmed.