## STATE v. STANFORD WESSON.

81 N. W. (2d) 625.

March 1, 1957—No. 37,117.

*Stanford Wesson,* pro se, for relator.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for the State.

PER CURIAM.

This case comes to us on a writ of error issued by this court on a petition of Stanford Wesson for review of proceedings before the District Court for Hennepin County.

The district court file indicates that the relator entered a plea of guilty to the charge of attempted burglary in the third degree under M. S. A. 621.10. He was found guilty upon the plea and sentenced to a term of not in excess of three years in the state prison at Stillwater.

The relator contends that he has been denied rights under Minn. Const. art. 1, §§ 6 and 7, and U. S. Const. Amend. XIV, because the judgment is "supported only by a plea of guilty" and is not supported by the evidence. The record includes the information of the county attorney charging the relator with the crime of attempted burglary by breaking and entering the room of one Edward W. Droll

with intent to commit grand larceny by stealing the property of the said Droll. It also contained information concerning two prior convictions.

The State has moved to vacate the writ of error on three grounds: First, the petition fails to show or suggest error; second, the record on its face shows that the relator was duly adjudged guilty; and third, the application is frivolous.

The relator contends that he should have been charged with unlawful entry under M. S. A. 621.11, which is only a gross misdemeanor, rather than the more serious crime of third-degree burglary under § 621.10. The basis of his claim is that his counsel was so "incompetent as to fail to examine the charge and allowed the court to proceed in total disregard as to the exact crime, * * *." In a statement accompanying his brief the relator states he does not intend "to show error in the courts handling of my case—as much as it was to show the error which the court was allowed to make by incompetent counsel, one who allowed the court to proceed with it, in total ignorance as to the real and true facts concerning the case." He urges that State v. Riggs, 74 Minn. 460, 77 N. W. 302, is decisive of the issue he presents.

The relator places his chief reliance on the fact that he was deprived of due process of law because his counsel was incompetent and that as a result he pleaded guilty to a charge greater than was justified by the facts. The facts to support such a claim could not show up in the record before us since nothing occurred in the course of the trial which would reflect this. Ordinarily no ruling or decision in the course of trial can be reviewed on appeal in the absence of a settled case or bill of exceptions. A settled case or bill of exceptions, however, only covers the proceedings in court and matters not occurring in court which the record could not reflect may be shown by affidavit. State v. Soltau, 212 Minn. 20, 2 N. W. (2d) 155; State v. Dingman, 177 Minn. 283, 225 N. W. 82. Since the error claimed would not appear in the record we must look to his affidavit for grounds which might provide the basis for a review.

The accompanying statement of the relator merely asserts that his counsel was incompetent and it does not provide any facts to support this claim. We have previously stated in State v. Billington, 241 Minn. 418, 424, 63 N. W. (2d) 387, 391, quoting from State v. Lindstrom, 180 Minn. 435, 438, 231 N. W. 12, 13, that:

"* * * Where the defense is conducted by counsel selected by defendant or by those to whom he intrusted that duty, it is only under very exceptional circumstances that a new trial will be granted on account of the manner in which the defense was conducted or on account of a subsequently asserted dereliction of duty on the part of such counsel, and where it appears that in consequence of such dereliction of duty the defendant may have been unjustly convicted."

There is no claim in the statement of the relator that he did not select his own counsel. Neither does the statement supply any facts that establish any exceptional circumstances of dereliction of duty that led to an unjust conviction without a fair trial or due process. In State v. Riggs, 74 Minn. 460, 77 N. W. 302, which the relator cites as controlling, this court held that a conviction for burglary in the third degree should be reversed because there was no evidence to establish that the defendant did break and enter with an intent to take, steal, or carry away the money or goods of another person. The Riggs case does not bear any similarity to the issues in this case since the facts upon which the review was based were contained in the record and the defendant did not allege the incompetency of his counsel.

Since there is nothing before us to provide any basis on which a review of the relator's conviction may be had, and since any examination of the district court file shows nothing which would indicate a denial of due process, the motion to vacate the writ of error is granted.

Motion to vacate writ of error granted.