### STATE EX REL. RICHARD M. BARNESS v. COUNTY OF HENNEPIN.

89 N. W. (2d) 166.

April 11, 1958—No. 37,440.

*Richard M. Barness,* pro se, for appellant.

*Miles Lord,* Attorney General, *Charles E. Houston,* Solicitor General, *George M. Scott,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for respondent.

DELL, CHIEF JUSTICE.

This case comes before us for the second time.[1] We previously granted the state's motion to quash appellant's writ of error because he had failed to provide either the state or this court with copies of the transcript of the proceedings below as required by our rules.[2] Appellant then petitioned the district court for a writ of error coram nobis. From the denial of that petition this appeal was taken.

A transcript of part of the testimony at the trial and a synopsis of the remainder of it has been prepared by the respondent and made available to us.[3] From it it appears that about 9:30 in the morning of August 3, 1955, the Phoenix Budget Loan, Inc., of Minneapolis was held up by two men and robbed of $458. Besides the two holdupmen only the manager and the cashier of the company were on the premises. Neither of the holdupmen wore masks. Both were in the office for a sufficient length of time and were sufficiently close to the manager and the cashier to allow them to positively identify the defendant and one Charles Burde, not only from photographs but also in a police lineup and at the trial. Defendant's father and one Dahl testified that defendant was at the former's barbershop in Fertile, Minnesota, and at the latter's nearby rabbit farm about 275 miles from the scene of the robbery about the time that it was committed. Defendant did not take the stand in his own behalf although he was identified as the one who used the gun in the robbery. The jury returned a verdict of guilty of robbery in the first degree and the defendant was sentenced to the state penitentiary for an indeterminate period under the Habitual Criminal Act.

---

[1]See, State v. Barness, 249 Minn. 149, 81 N. W. (2d) 853.

[2]Supreme Court Rule VIII (222 Minn. xxxii, as amended, 233 Minn. vi). And see, State v. Soward, 248 Minn. 516, 80 N. W. (2d) 449.

[3]The requirements set forth in Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. ed. 891, rehearing denied, 351 U. S. 958, 76 S. Ct. 844, 100 L. ed. 1480, are thus satisfied.

State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282, left open the question whether the writ of coram nobis, as such, is still available to correct errors of fact in a criminal proceeding. It has been abolished in favor of a motion in civil actions.[4] Historically the writ's function was to correct a judgment in the same court in which it was rendered for errors of fact which did not appear in the record; which were unknown at the time of the trial without fault to the court and to the parties seeking relief; and which, if known, would have prevented the rendition of the verdict.[5]

If the writ of coram nobis is available in criminal proceedings—and we need not determine that now—appellant, by his own inaction, does not come within its purview. The alleged factual errors which he sought to bring to the district court's attention dealt with the alibi respecting his whereabouts at the time when two eyewitnesses positively identified him as one of the holdupmen. Some testimony tending to corroborate his story was given by appellant's father and by Dahl but the jury which convicted him did not choose to believe them. If there was any other evidence which might have confirmed their testimony, appellant knew of it at the time of the trial and failed to call it to the court's attention.

We have considered the other arguments which appellant assigns as grounds for reversal and we are convinced that they are without merit. His constitutional rights of trial by jury, compulsory process for obtaining witnesses in his behalf, and assistance by counsel were not violated. From the eyewitness testimony the jury was amply justified in returning a verdict of guilty. Since the alleged facts which appellant now seeks to correct could, in fact, have been introduced at the time of the trial, the district court properly denied his petition.

Affirmed.

---

[4]Rule 60.02, Rules of Civil Procedure.
[5]State v. Kubus, *supra;* New England Furniture & Carpet Co. v. Willcuts (D. Minn.) 55 F. (2d) 983, 987.