STATE EX REL. RICHARD EUGENE HAMMOND v.
COUNTY OF HENNEPIN.

99 N. W. (2d) 452.

November 20, 1959—No. 37,720.

*Richard Eugene Hammond,* pro se, for appellant.

*Miles Lord,* Attorney General, *Henry H. Feikema,* Special Assistant Attorney General, *George M. Scott,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for respondent.

Matson, Justice.

Appeal from an order of the trial court denying appellant's petition for a writ of coram nobis.

In September 1956 appellant, represented by a counsel of his own choosing, was found guilty of burglary in the first degree after a jury trial in the district court.

Instead of obtaining a settled case, which is required by our rules,[1] appellant has made available to this court a partial transcript and a synopsis of the evidence upon which he was convicted.[2] Despite such irregularity, and in view of the fact that a writ of coram nobis (assuming it is available in a criminal proceeding[3]) has the function of raising errors of fact not appearing of record, we find no difficulty, under the facts of this case, in considering his appeal on the merits.

In State ex rel. Barness v. County of Hennepin, 252 Minn. 174, 176, 89 N. W. (2d) 166, 167, we said:

"* * * Historically the writ's function was to correct a judgment in the same court in which it was rendered for errors of fact which did not appear in the record; which were unknown at the time of the trial without fault to the court and to the parties seeking relief; and which, if known, would have prevented the rendition of the verdict."

Since the theory of appellant's application for a writ of coram nobis is that his verified petition contains facts which were unknown at the time of the trial through no fault of the parties or the court, and which, if known, would have prevented rendition of the verdict unfavorable to him, we have a situation where the appellant is relying

---

[1]State v. Soltau, 212 Minn. 20, 2 N. W. (2d) 155; State v. Wesson, 249 Minn. 153, 81 N. W. (2d) 625.

[2]State ex rel. Barness v. County of Hennepin, 252 Minn. 174, 89 N. W. (2d) 166. The requirements set forth in Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. ed. 891, rehearing denied, 351 U. S. 958, 76 S. Ct. 844, 100 L. ed. 1480, are thus satisfied.

[3]See, State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282; State ex rel. Barness v. County of Hennepin, 252 Minn. 174, 176, 89 N. W. (2d) 166, 167.

upon matters occurring outside the court and which would therefore not be shown by any record presented through a settled case.[4]

Out-of-court facts may be presented for review by affidavit without obtaining a settled case.[5] Appellant's verified petition, which sets forth the out-of-court facts upon which he relies, will be treated as the equivalent of an affidavit. Although it is conceivable that in some cases the absence of a settled case might make it difficult, if not impossible, to determine whether the facts contained in a petition for a writ of error coram nobis were unknown at the time of trial, the instant case does not present such a problem.

As was previously stated, the appellant was convicted of the crime of burglary in the first degree. The facts found by the jury were that during the early morning hours of December 6, 1955, appellant entered the third-floor apartment occupied by one Carol Smith via a window adjacent to a fire escape with the intent to commit larceny therein. The appellant's primary contention is that it was physically impossible for him to have entered the apartment via the window adjacent to the fire escape without the permission and assistance of the occupant, Carol Smith. According to the testimony of a detective, the distance from the base of the fire escape's third-floor landing to the top rail was 33 inches; the distance from the top rail to the ledge of the window in question was 32 inches; and the offset of the window from the top rail was 10 inches. Since the appellant is only 4 feet, 10 inches tall, it is his contention that it would have been physically impossible for him to have entered Carol Smith's apartment as alleged without her consent and permission considering the time of year, the icy condition of the fire escape, and the fact that the storm window covering the window in question opened only from the inside. The appellant admits that he was present in Carol Smith's apartment at the time and on the date in

---

[4]If this were not the theory of his case, his petition would necessarily fail. See, State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282; State ex rel. Barness v. County of Hennepin, *supra.*

[5]See, State v. Soltau, 212 Minn. 20, 2 N. W. (2d) 155; State v. Wesson, *supra.*

question but asserts that he was there at the invitation of Carol Smith; that he entered her apartment through the window with her permission and assistance; that the reason for his somewhat unusual method of entry was that the appellant is a negro man and Carol Smith is a white woman, and the latter was afraid that her neighbors might talk if it were known that she was meeting the appellant in her apartment.

Regardless of the plausibility of the appellant's explanation of his presence in Carol Smith's apartment, it is patently clear that the appellant's petition presents no new facts; i. e., no facts which were unknown to him at the time of trial and which could not have been presented to the jury for consideration. The appellant even admits that the evidence regarding the window in question, the possibility of his entrance into the apartment, and the method of opening the storm window was brought out at his trial and did receive the jury's consideration.

Since the alleged facts which appellant now presents by his petition could, in fact, have been introduced at the time of the trial, the district court properly denied his petition.[6]

In addition to the foregoing alleged errors, appellant contends that two errors of law were committed by the trial court. Although such allegations of error are not within the scope of a writ of coram nobis, we shall, as we have in certain former cases,[7] give them consideration.

The first of appellant's contentions is that the trial court erred in not determining as a matter of law that it was physically impossible, under the circumstances, for him to have committed the crime of burglary in the first degree. This contention is merely a modification of appellant's assertion that it was physically impossible for him to have entered the apartment of Carol Smith without her permission and assistance. From the testimony presented during the trial, it cannot be said that it clearly appears that appellant could not have entered the apartment without Carol Smith's permission and assistance. Obviously the jury was not convinced that it was physically impossible for the appellant to have entered the apartment as alleged.

---

[6]State ex rel. Barness v. County of Hennepin, *supra*; State v. Kubus, *supra*.

[7]See, State ex rel. Soward v. County of Hennepin, 252 Minn. 378, 90 N. W. (2d) 307; State v. Kubus, *supra*.

Secondly, appellant contends that the trial court erred when it neglected to view, or permit the jury to view, the side of the apartment building to which the fire escape was attached for the purpose of ascertaining whether it would have been physically possible for the appellant to have entered Carol Smith's apartment without her permission and assistance. There is no merit in this contention. In the first place we have no showing that appellant, who had the benefit of counsel of his own choosing, ever requested that a view of the apartment building be granted. Even if such a request had been made, the granting or denying of such a request rested in the sound discretion of the trial court. There is no indication that the trial court abused its discretion.

Appellant's appeal is wholly without merit. The order of the trial court is affirmed.

Affirmed.