# STATE EX REL. LEONARD GAULKE v. COUNTY OF WINONA.*

## 106 N. W. (2d) 560.

### December 9, 1960—No. 38,111.

*Leonard Gaulke,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, and *S. A. Sawyer,* County Attorney, for respondent.

NELSON, JUSTICE.

This is an appeal from an order of the district court denying a petition for a writ of error coram nobis.

The relator was tried in the District Court of Winona County in February 1953. He was represented by a counsel of his own choice and a jury found him guilty of committing the crime of rape upon

*Certiorari denied, 365 U. S. 848, 81 S. Ct. 816, 5 L. ed. (2d) 816.

a female child of the age of 10 years on November 29, 1952, in Wilson, Minnesota. The record indicates that upon his own admission he had previously been convicted of a felony and he was duly sentenced for not less than 14 nor more than 60 years, the minimum sentence being doubled by the application of the Habitual Criminal Act.

An examination of the transcript of the proceedings at the trial and the commitment leads to the conclusion that it would serve no good purpose to review the evidence here when the general public was excluded from the courtroom during the trial by agreement of counsel and the order of the court.

After pleading not guilty to the information filed against him, relator offered to waive a jury trial pursuant to Minn. St. 631.01. The court declined, stating that, "The Court doesn't want to try a rape case; that is primarily for the jury." After conviction, relator asked the court to certify the question of the jury trial to the supreme court as important and doubtful under Minn. St. 631.10. The court refused to do so, stating that it could see no occasion to and adding, "I may say if it had been tried to the Court the verdict would have been the same, and so there has been no prejudice in this case at least."

Relator's counsel in a plea for leniency dealt with the psychiatric aspects to some extent and concluded by stating: "The man himself can't find out why he did it." This was answered by the following statement of the court: "That may be very true, but this is [a] most horrible and shocking offense, and the results of it were most horrible. It is fortunate that surgery has intervened and minimized the effects, but without prompt surgery it would have been murder, I think." The aforesaid comments indicate the gravity of the offense.

The questions before this court are whether the petition for the writ of error coram nobis presented facts which required the district court to issue the writ, and whether the trial court erred in denying the petition.

■ The transcript shows evidence amply establishing the guilt of the accused. Since he took no appeal and made no motion for a new trial, he cannot now challenge the verdict on the ground of errors of law committed by the trial court.

■ The law is clear that in jurisdictions where the writ of error coram nobis is available to attack a judgment in a criminal case, it lies only to correct errors or mistakes of fact not appearing of record which were unknown to the court and which were also not known to the applicant and not discoverable by him by the exercise of reasonable diligence at the time of the trial or proceedings wherein the judgment was entered.[1] In order for relator to be entitled to the issuance of the writ, he must show with reasonable certainty that there were such errors of fact.[2]

In his petition relator makes frequent references to the record, quoting therefrom, and asserting errors which he alleges the record discloses. But even though the record might disclose errors, the writ does not lie to correct such errors because the errors which he claims exist would be in the nature of errors of law as distinguished from errors of fact and thus would not be errors not appearing of record. It becomes clear from the record that errors of fact, if any, were known to the court as well as to the relator, and had he sought to avail himself thereof they were discoverable by him in the exercise of any reasonable diligence at the time of the trial or during the proceedings wherein the judgment was entered.

This court has repeatedly said that the sole purpose of the writ is to correct a judgment for some error of fact not appearing in the record. In State ex rel. Barness v. County of Hennepin, 252 Minn. 174, 176, 89 N. W. (2d) 166, 167, the court stated:

"* * * Historically the writ's function was to correct a judgment in the same court in which it was rendered for errors of fact which did not appear in the record; which were unknown at the time of the trial without fault to the court and to the parties seeking relief; and which, if known, would have prevented the rendition of the verdict."

See, State ex rel. Elkins v. County of Ramsey, 257 Minn. 21, 99

---

[1] 24 C. J. S., Criminal Law, § 1606; 49 C. J. S., Judgments, § 312; 30A Am. Jur., Judgments, §§ 739, 743.

[2] 30A Am. Jur., Judgments, § 738. The writ does not lie to correct errors of law. 24 C. J. S., Criminal Law, § 1606; 49 C. J. S., Judgments, § 312; 30A Am. Jur., Judgments, § 739.

N. W. (2d) 895; State ex rel. Hammond v. County of Hennepin, 256 Minn. 539, 99 N. W. (2d) 452; State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282.[3]

Relator contends in his petition that his conduct constituted the crime of indecent assault but not rape. This matter, however, was before the jury upon the trial. The trial judge instructed the jury on the subject of rape and on the subject of indecent assault, and the jury had both of these matters before it in its deliberations. The jury nevertheless concluded that the accused was guilty of the crime of rape and rendered its verdict accordingly. Clearly, the petition raises no question and can raise no question on that issue on this appeal.

■ It is our view that the petition is wholly lacking in merit and is insufficient because there are no facts alleged therein constituting a defense.

The crime here involved was committed in November 1952. The trial was concluded in the early part of 1953, and the sentence imposed on March 2, 1953. While in the absence of a statute of limitations the time within which a petition for a writ of error coram nobis or a motion to vacate a judgment of conviction may be filed is not limited, nevertheless a defendant must show reasonable diligence in presenting his claim. In the usual course of events this motion should have come before the judge who tried the case, but the delay has brought it before another judge after the deaths of the trial judge and the county attorney who prosecuted the case. True, the relator invokes the aid of the court, but a careful examination of the proceedings, including the trial transcript and the commitment papers, indicates clearly that he seeks a writ which his petition does not warrant. We are bound to conclude that the court below properly denied the petition.

Affirmed.

---

[3]For cases from other jurisdictions involving the right to a writ of error coram nobis, see Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 68 N. E. (2d) 849; Cole v. State, 104 Neb. 780, 178 N. W. 635; In re Ernst, 179 Wis. 646, 192 N. W. 65, 30 A. L. R. 681, with Annotation at 686; United States v. Moore (7 Cir.) 166 F. (2d) 102.