# STATE v. ALVA F. CASTLE.

109 N. W. (2d) 593.

June 9, 1961—No. 38,228.

*Alva F. Castle,* pro se, for relator.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

KNUTSON, JUSTICE.

On July 29, 1960, the District Court of Lake of the Woods County issued its order denying defendant's petition for a writ of coram nobis. Defendant then applied to this court for a writ of error to review the order of the district court. While defendant has misconceived the function of both a writ of coram nobis[1] and a writ of error, in view of the fact that defendant appears here without the aid of counsel, we have examined the entire record, including a transcript of the trial proceedings, numerous affidavits, letters and so-called briefs that have been filed since the trial, and the entire file with respect to proceedings preliminary to trial.

---

[1]The function of a writ of coram nobis has been adequately detailed in State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282; State ex rel. Elkins v. County of Ramsey, 257 Minn. 21, 99 N. W. (2d) 895; State ex rel. Hammond v. County of Hennepin, 256 Minn. 539, 99 N. W. (2d) 452; State ex rel. Gaulke v. County of Winona, 259 Minn. 183, 106 N. W. (2d) 560.

On July 5, 1956, defendant was convicted of carnally knowing his adopted daughter, age 15 at the time of the commission of the crime. Thereafter he was charged by information with a conviction on April 5, 1924, of a prior felony consisting of carnally knowing another female of the age of 15. While he professes his innocence of the commission of that crime, he admitted his conviction of it. He was thereupon sentenced to an indeterminate term not exceeding 14 years based on the crime of which he was now convicted and one prior felony.

Essentially, it is defendant's claim now that his adopted daughter did not tell the truth at the time of the trial. An examination of the record discloses that she did tell conflicting stories, accusing and absolving defendant of guilt in the commission of the crime, apparently depending on the person to whom she was talking. At the trial, however, she testified positively as to defendant's guilt. Without going into more detail, it is sufficient to say that substantially all of the variations in her stories were submitted to the jury, and the jury chose to believe that she was telling the truth at the time of the trial. In an affidavit dated July 8, 1960, which is her last statement in the matter, she reiterates what she said at the time of the trial and avers that her testimony at that time was the truth. Obviously the credibility of the witnesses was for the jury,[2] and, the jury having chosen to believe the testimony at the time of the trial rather than other statements made by the witness, there is nothing that can be done in this proceeding.

Aside from the claim that his adopted daughter failed to tell the truth at the time of the trial, defendant contends (1) that excessive bail was fixed prior to trial; (2) that his counsel was incompetent and inadequate; (3) that he waived a preliminary examination but wanted a preliminary hearing; (4) that he was denied a speedy trial; (5) that the 1924 conviction was illegal; and (6) that the court erred in denying his petition for the reason that he now has newly discovered evidence.

While none of these claims furnish the basis for a writ of coram

---

[2] See, State v. Gavle, 234 Minn. 186, 48 N. W. (2d) 44.

nobis, an examination of the file conclusively shows that they likewise are without merit.

Defendant cannot now make the claim that excessive bail was demanded. If excessive bail was demanded, he should have taken action at the time. It is too late after conviction to attack the amount of bail that is required for defendant's release pending trial. The same is true with respect to the promptness with which a defendant is brought to trial. It is elementary that he cannot complain of delay if he does not demand a prompt trial. The record shows no such demand here.[3]

With respect to the claim that he was inadequately represented by counsel, we have examined the entire transcript and it is apparent that his rights were fully protected. We find no merit to this claim whatsoever.

With respect to his claim that he demanded a preliminary hearing but waived a preliminary examination, the record shows that he waived a preliminary hearing.

Defendant contends that he now has a large number of witnesses who are willing to testify in his behalf, and, without stating what testimony any one of them would give, he claims that such witnesses constitute newly discovered evidence. No showing whatever is made that the witnesses were not available at the time of trial or that the testimony they might give would in any way affect the outcome of the trial. Obviously a claim of that kind has no merit.

Defendant also claims that the 1924 sentence is void in that, while he entered a plea of guilty, he actually was not guilty of the crime charged in that information. He admits that he was convicted on his own plea of guilty. Obviously, the claim now made constitutes a collateral attack upon the judgment. In Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535, we held that the validity of a prior sentence could not be collaterally attacked upon a petition for a writ of habeas corpus. Much less can it be attacked on a petition for a writ of coram nobis. Furthermore, until defendant has served the maximum time of the sentence that could be imposed for the

---

[3]See, State v. McTague, 173 Minn. 153, 216 N. W. 787.

crime of which he is now convicted, it is premature to seek a release based on the invalidity of a prior conviction.[4]

An examination of the entire record in this case fails to disclose any merit in the contentions of defendant. The simple truth is that defendant was convicted largely upon the testimony of his adopted daughter, whom the jury chose to believe. The record, both prior to and during the trial and subsequent thereto, furnishes ample support for the jury's determination.

The decision of the trial court is affirmed.

Affirmed.

---

[4]State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79.