## STATE v. BEN E. PEDERSON.*

115 N. W. (2d) 466.

May 25, 1962—No. 38,491.

*Ben E. Pederson,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, and *F. J. Clemmensen,* County Attorney, for respondent.

NELSON, JUSTICE.

This case comes before us for the second time upon an appeal from a denial of a petition for a writ of error coram nobis. We held in the former opinion, State v. Pederson, 251 Minn. 372, 88 N. W. (2d) 13, that since no informations charging defendant with former felony convictions had been filed in accordance with the statutory requirements of Minn. St. 610.31, the sentence imposing an increased penalty for

*Certiorari denied by U. S. Supreme Court November 5, 1962.

prior felony convictions was unlawful and accordingly remanded the case to the district court for correction of the sentence. Since the events that are pertinent to the consideration of the issues involved in the instant case were set out at length in the former opinion, it would serve no good purpose to restate them here.

After the cause was remanded to the lower court, defend-nt was tried and convicted on four informations charging prior convictions as required in § 610.31. When he appeared in court at these proceedings, he was specifically asked whether he was aware that he had a right to counsel, to which he replied that he was. The court then reminded defendant that in the former proceedings he had refused to accept its offer to appoint counsel and asked if he wished to act as his own attorney in these proceedings also, to which he replied, "Yes; that is right."

It is difficult for this court to say with any certainty what the defendant actually proposes that this court review. The 17 assignments of error in his brief in effect claim that he was denied due process and equal protection of law; that he was put in double jeopardy; that the court failed to appoint counsel and fixed excessive bail; and that the evidence was insufficient to convict him. Defendant has utterly failed to show that any of these claims furnish the basis for a review pursuant to an application for a writ of error coram nobis. The record is clear that he has alleged no new facts that were unknown at the time of the trial. It appears that he has filed numerous petitions to secure his release. His time for appeal, however, has expired, and as a last resort he finally seeks relief by way of a writ of error coram nobis.

■ Coram nobis is an extraordinary common-law writ used for the purpose of correcting a judgment for errors in fact. This court in State v. Kubus, 243 Minn. 379, 381, 68 N. W. (2d) 217, 218, said:

" '* * * In modern practice, the writ of error coram nobis may be defined as a common-law writ issuing out of a court of record to review and correct a judgment of its own relating to some error in fact as opposed to error in law, not appearing on the face of the record, unknown at the time without fault to the court and to the

parties seeking relief, but for which the judgment would not have been entered.' New England Furniture & Carpet Co. v. Willcuts (D. Minn.) 55 F. (2d) 983, 987."

State ex rel. Barness v. County of Hennepin, 252 Minn. 174, 89 N. W. (2d) 166; State ex rel. Hammond v. County of Hennepin, 256 Minn. 539, 99 N. W. (2d) 452.

In State ex rel. Elkins v. County of Ramsey, 257 Minn. 21, 23, 99 N. W. (2d) 895, 897, this court held that the sole purpose of a writ of error coram nobis as applied to a criminal case is to correct a judgment relating to some error in fact not appearing on the face of the record. In dismissing defendant's appeal from an order denying his petition we said:

"An examination of relator's application for the writ herein clearly indicates that he has alleged no new fact, or facts, unknown to the court at the time of the trial * * *."

In applying these holdings to the present case we are not unmindful of the fact that nowhere in the petition or petitioner's written arguments is there any assignment challenging his conviction upon the basis of any facts that were *unknown* to the court at the time of his conviction. The statements in the petition are nothing more than legal conclusions that petitioner frames to suit himself. The questions he raises here on review should have been raised on appeal. In United States v. Moore (7 Cir.) 166 F. (2d) 102, 104, the court said that where the judgment is attacked by way of coram nobis the facts constituting a defense "must be set forth in such detail as to enable the court to determine whether it is meritorious and sufficient."

■ The claim of defendant that he has twice been placed in jeopardy by the proceedings following this court's remand for further sentencing is adequately disposed of in State v. Thompson, 241 Minn. 59, 62, 67, 62 N. W. (2d) 512, 516, 519, where this court said:

"* * * In applying the protective prohibition against double jeopardy—whether pursuant to constitutional provision or statute—it is to be borne in mind that its purpose is not to protect the individual

against the peril of a second punishment but to protect him against a second trial for the same offense. \* \* \*

\*     \*     \*     \*     \*

"\* \* \* Where the record discloses on its face whether the offense charged in the second action is identical with the offense for which the defendant was acquitted or convicted in a prior action, the issue of former jeopardy is one of law for the court and not one of fact for the jury."

Furthermore, defendant's allegation that he was not provided with counsel is disproved by the record. Certainly this defendant, who has had numerous encounters with the law and spent better than 20 years in prisons throughout the country, was aware that he had the right of counsel which he did not accept. Although the court offered to appoint counsel, he chose to appear in his own behalf.

■ We have laboriously reviewed defendant's numerous assignments of error, and we are unable to reach any other conclusion than that they are frivolous and without merit, from beginning to end, as are the allegations in the petition itself. We can only conclude that the petitioner is bent upon obtaining a change of scenery and this without regard to whether deserving litigants may have to mark time while this court considers appeals which are devoid of any semblance of merit. The trial court is affirmed in denying this petition.

Affirmed.