## STATE v. CARL RAY BECKER.

115 N. W. (2d) 920.

June 29, 1962—No. 38,650.

*Carl Ray Becker,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, and *Raymond E. Mork,* County Attorney, for respondent.

PER CURIAM.

Appeal from an order of the district court denying defendant's petition for a writ of error coram nobis.

Defendant was charged with the crime of second degree forgery, allegedly committed at Worthington, Minnesota, on February 19, 1960. He now admits passing a forged check on February 12, 1960, at Avoca, Minnesota, but claims he was in Iowa on February 19. However, he pleaded guilty to the offense as charged, and was sentenced for not to exceed 5 years.

His present petition is based on the allegation that he pleaded guilty only because the county attorney at Worthington threatened him and told him that he would receive a mandatory life sentence as a habitual offender if he pleaded not guilty. Defendant had the assistance of two court-appointed attorneys in the original proceeding.

The district court denied defendant's petition without a hearing. If

the petition does not make out a prima facie case, no hearing is necessary. Hysler v. Florida, 315 U. S. 411, 62 S. Ct. 688, 86 L. ed. 932; see, People v. Richetti, 302 N. Y. 290, 97 N. E. (2d) 908; 24 C. J. S., Criminal Law, § 1606(28)b and (31)a. The question on this appeal then is whether the allegations, if proved, would entitle defendant to a writ of error coram nobis.

This court has repeatedly held that we adhere to the historical function of the writ of error coram nobis. We stated that function in State ex rel. Barness v. County of Hennepin, 252 Minn. 174, 176, 89 N. W. (2d) 166, 167, as follows:

"* * * Historically the writ's function was to correct a judgment in the same court in which it was rendered for errors of fact which did did not appear in the record; which were unknown at the time of the trial without fault to the court and to the parties seeking relief; and which, if known, would have prevented the rendition of the verdict."

See, State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282; State ex rel. Gaulke v. County of Winona, 259 Minn. 183, 106 N. W. (2d) 560, certiorari denied, 365 U. S. 848, 81 S. Ct. 816, 5 L. ed. (2d) 816.

It is clear that defendant's allegations in this case do not pertain to errors of fact which were unknown at the time of the trial. His claim is rather that he was denied due process of law in that his plea of guilty was the result of misrepresentation, trickery, duress, or coercion. Such a claim can be asserted by a writ of habeas corpus[1] in the court for the district where defendant is imprisoned, rather than by the present writ in the court where he was tried. We are aware of the contrary language which appears in 24 C. J. S., Criminal Law, § 1606 (6)a and (15), but do not agree that the writ should be extended to cover cases such as the instant one. The order should therefore be affirmed.

Affirmed.

---

[1]State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79; State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723; Ex parte Farrar, 74 Okla. Cr. 390, 126 P. (2d) 545.