## STATE v. DAVID C. JAMES.

89 N. W. (2d) 904.

April 18, 1958—No. 37,461.

*David C. James,* pro se, for relator.

Knutson, Justice.

Defendant in this case was indicted for the crime of robbery in the first degree. He entered a plea of not guilty and was tried by a jury and found guilty. During all of the trial he was represented by competent counsel. After his conviction, an information was filed by the county attorney charging him with the commission of one former felony. The record shows that he admitted the truth of this conviction, and he was sentenced to an indeterminate term.

On December 2, 1957, we issued a writ of error to review this conviction. The only grounds of invalidity assigned in defendant's petition for a writ of error are:

"* * * said judgment of conviction and sentence is supported only by the verdict of guilty as said [sic] and the verdict is against the evidence, and it therefore does not conform to the 14th Amendment of the Constitution of the United States, the due process clause thereof, and Art. 1, Sec. 6, 7 Constitution of the State of Minnesota."

Nowhere does it appear in what respect the verdict is not sustained by the evidence. As an indigent prisoner, defendant applied to the trial court for a transcript of the evidence. While the record is not complete, he states that the trial court denied his application by letter dated February 28, 1958, in which the trial court said:

"This Court deems adequate the synopsis of testimony accompanying your commitment papers which are now on file in the Supreme Court as part of your appeal. Therefore, no verbatim transcript of the testimony in the case will be ordered by this Court."

Thereafter defendant applied to this court for an order compelling the trial court to furnish him with the transcript of the testimony in the case.

■ While no attempt has been made to comply with the rules of this court with respect to this motion, defendant appears in his own behalf and the importance of the question involved to the trial courts of this state is such that we have concluded to dispose of the application on its merits in order that there may be some uniform rule throughout the state.

At the 1957 session of our legislature, L. 1957, c. 498, was adopted, amending M. S. A. 611.07 by adding the following subdivision:

"Subd. 3. When a defendant convicted of a felony or a gross misdemeanor has appealed to the supreme court or has procured a writ of error, or who has otherwise brought the validity of his conviction before the supreme court for review, applies to the district court and makes an adequate showing that because of his poverty he is unable to pay for a transcript which he reasonably needs in presenting the alleged errors raised for appellate review, the district court shall, at the expense of the county in which the defendant was convicted, order a transcript, or a part or an abridgment of the transcript, or a bill of exceptions, as the case may be and as shall be necessary for a proper presentation of defendant's cause for appellate review, unless it shall appear that his cause upon review may properly be presented on the judgment roll referred to in section 632.04, or on the synopsis of the testimony prepared pursuant to section 640.10, or on any other abridgment or report of testimony made available by law, or on any combination of such available reports or records."

Obviously the adoption of this subdivision was motivated by a desire to comply with the decision of the United States Supreme Court in Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. ed. 891. The question before us now is whether every indigent prisoner convicted of a felony has a right to a complete transcript of the trial simply for the asking. We do not so read the Griffin decision, nor do we believe that such was the intention of the legislature. Defendant in the case before us has been furnished a copy of the synopsis prepared by the trial court in connection with his commitment. It seems to us that that should be sufficient unless some good showing is made that it is inadequate to present the questions which defendant wishes to raise in attacking the conviction. While an indigent prisoner should be furnished such part of the transcript as is necessary to adequately present the questions which he in good faith wishes to have us review, the expense of a complete transcript should not be imposed upon the counties of this state where it is not necessary in order to present such questions. The proper procedure ought to be that a defendant who wishes a review by this court

should, in his application to the trial court, indicate what questions he wishes to have us review and what part of the transcript is necessary in order to present such questions. If he raises a question as to the sufficiency of the evidence to sustain the conviction, it should be incumbent upon him to point out in what respect he believes the evidence is lacking. The court then can determine whether the entire transcript is necessary or whether a synopsis or an abridgment of the transcript will suffice. It may be that the judgment roll is all that is required. In such case, or in case less than the complete transcript will suffice, surely the counties should not be compelled to shoulder the burden of an unnecessary complete transcript or such parts of the transcript as will serve no useful purpose.

In the case now before us, no showing of any kind has been made as to the need for a transcript or what part of it is needed if an abridgment will do. Defendant has made no effort to point out why he thinks the conviction is not sustained by the evidence, and it appears to us that he has wholly failed to meet the burden that should rest upon him before the county is put to the expense of furnishing a transcript.

■ In determining what record defendant needs in order to present the questions he wishes to raise, much must be left to the sound discretion of the trial court, and this court should not interfere unless there is a clear showing of an abuse of discretion.

The motion is denied.