## STATE v. THOMAS D. JOHNSON.

96 N. W. (2d) 389.

April 3, 1959—No. 37,731.

*Thomas D. Johnson,* pro se, for relator.

PER CURIAM.

This matter is before us on a motion for a writ of mandamus to require the trial court to furnish defendant with a complete transcript of the testimony and proceedings in a criminal action in which he was indicted for the crime of murder in the third degree and upon trial found guilty of the charge. Following his sentence and conviction, defendant filed a notice of appeal from the judgment with this court. Thereafter defendant applied to the trial court as an indigent prisoner requesting a certified copy of a complete and unabridged trial transcript, including a bill of exceptions, to be furnished to him at the expense of the county pursuant to the provisions of M. S. A. 611.07, subd. 3.[1]

[1]M. S. A. 611.07, subd. 3. "When a defendant convicted of a felony or gross misdemeanor has appealed to the supreme court or has procured a writ of error, or who has otherwise brought the validity of his conviction before the supreme court for review, applies to the district court and makes

Defendant stated that it was essential to his appeal that he be supplied with "the opening and closing statements of the prosecution and the defense; the unabridged transcribed testimonies of all witnesses called by the prosecution and defense; a copy of all exceptions taken, arguments, and rulings handed down in each case, the closing arguments of the defense and prosecution and the Presiding Judge's charge to the jury upon completion of the trial." The defendant did not state any particular reason for the necessity of being supplied with the requested materials.

The trial court, after considering the matter, denied the defendant's motion on the basis that:

"* * * the defendant has not made an adequate showing of a reasonable need for a complete transcript, or that his cause can not be properly presented for appellate review upon the judgment roll and the synopsis of the testimony, and upon all the files, records and proceedings herein."

A 111-page synopsis of the testimony, including that of the defendant, was prepared at the expense of the county and furnished to the defendant for his use in presenting his appeal. In addition the trial court allowed the defendant to apply to that court after receipt of the synopsis furnished him for "an abridged transcript of any matters not contained in said synopsis by specifying the nature of the errors alleged and the legal reason why the synopsis is not adequate for appellate review."

We were recently confronted with the problem of an indigent prisoner's right to a transcript at the expense of the county in State v. James, 252 Minn. 243, 245, 89 N. W. (2d) 904, 906, where we held

---

an adequate showing that because of his poverty he is unable to pay for a transcript which he reasonably needs in presenting the alleged errors raised for appellate review, the district court shall, at the expense of the county in which the defendant was convicted, order a transcript, or a part or an abridgment of the transcript, or a bill of exceptions, as the case may be and as shall be necessary for a proper presentation of defendant's cause for appellate review, unless it shall appear that his cause upon review may properly be presented on the judgment roll referred to in section 632.04, or on the synopsis of the testimony prepared pursuant to section 640.10, or on any other abridgment or report of testimony made available by law, or on any combination of such available reports or records."

that:

"* * * a defendant who wishes a review by this court should, in his application to the trial court, indicate what questions he wishes to have us review and what part of the transcript is necessary in order to present such questions. If he raises a question as to the sufficiency of the evidence to sustain the conviction, it should be incumbent upon him to point out in what respect he believes the evidence is lacking. The court then can determine whether the entire transcript is necessary or whether a synopsis or an abridgment of the transcript will suffice. It may be that the judgment roll is all that is required. In such case, or in case less than the complete transcript will suffice, surely the counties should not be compelled to shoulder the burden of an unnecessary complete transcript or such parts of the transcript as will serve no useful purpose."

In the case before us no showing has been made by the defendant as to why a complete transcript is necessary to his appeal. He has not pointed out in what respect he believes the evidence is lacking; he has not asserted any particular errors by which he may have been prejudiced; nor has he indicated what questions he wishes to have us review and what part of the transcript is necessary in order to present such questions. The defendant has merely made a blanket request for the entire transcript. It is not necessary to due process of the law that a state "must purchase a stenographer's transcript in every case where a defendant cannot buy it." Griffin v. Illinois, 351 U. S. 12, 20, 76 S. Ct. 585, 591, 100 L. ed. 891, 899. The county need not furnish a complete transcript to every indigent prisoner in every criminal case merely because the defendant requests it. There must be a showing of the particular need for those parts of the transcript requested, and it is within the sound discretion of the trial court to determine what record the defendant needs in order to present the questions he wishes to raise on appeal. State v. James, 252 Minn. 243, 89 N. W. (2d) 904.

There has been no abuse of that discretion in this case. The motion is denied.

Motion denied.