## STATE v. THOMAS D. JOHNSON.

98 N. W. (2d) 145.

July 31, 1959—No. 37,731.

*Thomas D. Johnson,* pro se, for relator.

*Miles Lord,* Attorney General, *George M. Scott,* County Attorney, and *Bruce C. Stone,* First Assistant County Attorney, for respondent.

PER CURIAM.

The defendant was convicted of murder in the third degree in the Hennepin County District Court and sentenced to imprisonment for 20 years. He has appealed his conviction to this court. Upon his motion he was furnished by the district court with a 111-page synopsis of the testimony at the expense of the county for use in presenting his appeal. Thereafter he moved for a writ of mandamus to require the district court to furnish him with a complete transcript of the testimony and proceedings in the action. In our per curiam opinion (State v. Johnson, 255 Minn. 173, 96 N. W. [2d] 389), we held that where an indigent prisoner pursuant to M. S. A. 611.07, subd. 3, applies for a transcript of the entire evidence and proceedings in which he was convicted, by which application he has failed to point out what questions he wishes to review and what portions of the transcript

are necessary in order to present such questions, the trial court does not abuse its discretion in furnishing to him a synopsis of the testimony including his own and denying his application for a complete and unabridged transcript of the entire trial.

The defendant is before us again upon an application for writ of mandamus which substantially requests the same relief which was previously denied in our decision of April 3, 1959. On his present motion he enumerates five general issues which he wishes to raise on appeal. These are:

(1) Indictment failed to meet statutory requirements;
(2) Defendant was deprived of his right to counsel;
(3) Trial was conducted upon an erroneous theory;
(4) Right to a charge containing alternate offenses;
(5) Sufficiency of evidence to sustain verdict.

He claims that the entire transcript is necessary to an analysis of each of these issues.

Although the defendant has attempted to be more specific in his present motion, he still has made no showing why the complete, unabridged record is necessary to his appeal. He only states the conclusion that such a record is necessary. There is no showing of abuse of discretion in the denial of his application. State v. Johnson, 255 Minn. 173, 96 N. W. (2d) 389; State v. James, 252 Minn. 243, 89 N. W. (2d) 904.

The motion is denied.