## STATE EX REL. LeROY ELKINS v. COUNTY OF RAMSEY.

99 N. W. (2d) 895.

December 4, 1959—No. 37,812.

*LeRoy Elkins,* pro se, for appellant.

*Miles Lord,* Attorney General, *William B. Randall,* County Attorney, and *Gerald E. Rutman,* Assistant County Attorney, for respondent.

NELSON, JUSTICE.

Appeal from an order denying a writ of error coram nobis.

Relator was charged with having committed the crime of robbery in the second degree on February 7, 1956, in the city of St. Paul and was tried and convicted by a jury in the District Court of Ramsey County. Judgment was entered and a warrant of commitment issued on March 16, 1956. The relator was represented at the trial by the public defender. Two additional informations had been filed charging relator

with two previous felony convictions—one for grand larceny in the second degree, for which he had been sentenced to serve 6 months in the city workhouse; and the other for using the automobile of another without permission of the owner, for which he had been committed to the custody of the Youth Conservation Commission. Relator admitted the truth of the informations charging him with the prior convictions. No appeal was taken from the judgment of conviction.

In December 1958 relator applied for a writ of error coram nobis in the Ramsey County District Court. The court denied the application and relator appealed. Thereafter he asked the trial court that he be furnished a free transcript of the entire trial for use on his appeal but he did not indicate which portions of the transcript he deemed necessary nor did he state any particular reason for the necessity of being supplied either a partial or an entire transcript. His motion was denied since he failed to show why a proper appellate review could not be had upon the judgment roll and the synopsis of testimony which the court indicated had been previously filed in the proceedings. The trial court stated that it was incumbent upon relator to point out which questions or errors he wished to be corrected or reviewed and that it will not suffice under M. S. A. 611.07, subd. 3,[1] to merely request a transcript.

---

[1]M. S. A. 611.07, subd. 3, provides: "When a defendant convicted of a felony or a gross misdemeanor has appealed to the supreme court or has procured a writ of error, or who has otherwise brought the validity of his conviction before the supreme court for review, applies to the district court and makes an adequate showing that because of his poverty he is unable to pay for a transcript which he reasonably needs in presenting the alleged errors raised for appellate review, the district court shall, at the expense of the county in which the defendant was convicted, order a transcript, or a part or an abridgment of the transcript, or a bill of exceptions, as the case may be and as shall be necessary for a proper presentation of defendant's cause for appellate review, unless it shall appear that his cause upon review may properly be presented on the judgment roll referred to in section 632.04, or on the synopsis of the testimony prepared pursuant to section 640.10, or on any other abridgment or report of testimony made available by law, or on any combination of such available reports or records."

Relator again moved the court for a portion of the stenographic copy of the same trial proceedings and again the court denied the motion, this time upon the same grounds as formerly and upon the further grounds that the district court file contained a synopsis of all the testimony taken in narrative form including a complete résumé of the testimony of all the named witnesses together with the court's instructions to the jury. The original of the synopsis of the testimony constitutes a part of the judgment roll, with copies available to the warden. The court indicated that it had no alternative under the circumstances but to deny relator's motion upon the ground that a proper presentation of his cause for appellate review could be made by reference to the judgment roll.

Relator in filing his brief in the present appeal makes the statement that:

"The sole question to be presented to this court centers entirely upon the appellants inability to procure a free copy of his trial transcript or a part thereof or a synopsis of the testimony given at appellants trial."

■ The state has moved this court for its order dismissing this appeal on the ground that relator fails to present a living issue for this court's determination; that even though the appeal is from the district court's order denying a petition for writ of error coram nobis, nevertheless his brief is concerned only with argument and authorities relating to the denial of a later motion for a free transcript or synopsis of the testimony taken at the trial. The state contends that such transcript or synopsis of the testimony is immaterial so far as a writ of error coram nobis is concerned inasmuch as the sole underlying purpose of the writ is to correct a judgment relating to some error in fact not appearing on the face of the record. See, State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282.

An examination of relator's application for the writ herein clearly indicates that he has alleged no new fact, or facts, unknown to the court at the time of the trial; that he simply repeats what is in effect another plea of not guilty, thereby asserting he was not the person

who committed the crime, a question which was answered in the affirmative by the jury and from which conviction no appeal has been taken within the allotted time.

Clearly an order by the trial court granting relator's motion for a free transcript of the testimony taken at the trial could serve no useful purpose since it would be immaterial to a denial of the writ of error coram nobis herein and since the judgment of conviction was entered on March 16, 1956, and the time to appeal therefrom has long since expired. See, State ex rel. Williams v. County of Hennepin, 252 Minn. 330, 89 N. W. (2d) 907.

■■■ There must at. all times be a showing of the particular need for the transcript or parts of the transcript applied for. No county is required to furnish a transcript of the testimony taken at the trial to each and every indigent prisoner in a criminal case merely because he requests it. There must always be a showing of some good particular reason for the necessity of being supplied with an entire transcript of the testimony or even an abridgment thereof. We have heretofore held that it is not necessary to due process of law that the state furnish a stenographer's transcript in every case where a defendant cannot buy it. If it is made to appear that the cause for review can be fairly and reasonably presented on the judgment roll, or on a synopsis of the testimony filed therein, or on any other abridgment or report thereof made available by law, the relief provided under § 611.07, subd. 3, may, dependent upon the circumstances and in the exercise of sound discretion, be denied.

Based upon the record herein presented, where the right of review has expired by lapse of time, a transcript of the testimony can serve no useful purpose. Matters such as here involved must in the first instance be left to the exercise of the sound discretion of the trial court. We have said that the right of review in a criminal matter is governed by statute, and when the time limited by the statute has run, the right has expired. Under § 632.01 it is clearly required that a motion for a new trial in a criminal case must be noticed and heard before the time for appeal from the judgment expires.

The aforesaid matters have been fully reviewed in State v. James,

252 Minn. 243, 89 N. W. (2d) 904, certiorari denied, 358 U. S. 934, 79 S. Ct. 322, 3 L. ed. (2d) 306; State ex rel. Williams v. County of Hennepin, *supra*; State v. Johnson, 255 Minn. 173, 96 N. W. (2d) 389. Also, see Higgins v. Steele (8 Cir.) 195 F. (2d) 366, quoted with approval by this court in State v. Kubus, *supra*.

Upon the record now before this court we have no choice but to affirm the order of the court below and to grant the state's motion for a dismissal of the appeal.

Appeal dismissed.