## STATE v. RICHARD BRIEGEL.

110 N. W. (2d) 887.

August 25, 1961—No. 38,147.

*Richard Briegel,* pro se, for appellant.

PER CURIAM.

The petitioner, an indigent defendant who is now an inmate in the Stillwater penitentiary, is before us on (a) a motion in the form of a request for a writ of mandamus requiring the district court to furnish him with a complete transcript of the testimony and proceedings relating to his trial and (b) a motion to appoint an attorney to prosecute his appeal. He was tried and convicted on an information charging him with second degree assault in violation of Minn. St. 619.38. He

was represented by counsel. The jury returned a verdict of guilty. An indeterminate sentence was imposed December 3, 1959. He has appealed from the judgment of conviction.

It appears from the records of the clerk of the District Court of St. Louis County that the defendant applied to that court for a complete and unabridged trial transcript to be furnished at the expense of the county under the provisions of § 611.07, subd. 3. The request was denied by the trial court. The defendant, however, was furnished with a synopsis of the testimony for his use in presenting his appeal. The application of the defendant here is much the same as that discussed in State v. Johnson, 255 Minn. 173, 96 N. W. (2d) 389, where we noted that the defendant made no showing as to why a complete transcript was necessary to his appeal. Here, as in the Johnson case, the defendant has failed to point out in what respect he believes the evidence upon which he was convicted is lacking. He has asserted no particular errors by which he may have been prejudiced, nor has he indicated what questions he wishes to have us review and what part of the transcript is necessary in order to present such questions. Apparently the defendant is under the mistaken impression that anyone convicted of a crime is entitled to a complete stenographic transcript of the proceedings. The file would indicate that the petitioner would like to have a complete transcript so that he might examine it and possibly find some theory which has apparently not yet occurred to him upon which the judgment of conviction might be set aside.

This subject was reviewed in the recent case of State v. Dahlgren, 259 Minn. 307, 107 N. W. (2d) 299. In that decision we discussed State v. James, 252 Minn. 243, 245, 89 N. W. (2d) 904, 906, certiorari denied, 358 U. S. 934, 79 S. Ct. 322, 3 L. ed. (2d) 306, where we said:

"* * * a defendant who wishes a review by this court should, in his application to the trial court, indicate what questions he wishes to have us review and what part of the transcript is necessary in order to present such questions. If he raises a question as to the sufficiency of the evidence to sustain the conviction, it should be incumbent upon him to point out in what respect he believes the evidence is lacking.

The court then can determine whether the entire transcript is necessary or whether a synopsis or an abridgment of the transcript will suffice. It may be that the judgment roll is all that is required. In such case, or in case less than the complete transcript will suffice, surely the counties should not be compelled to shoulder the burden of an unnecessary complete transcript or such parts of the transcript as will serve no useful purpose."

In State v. Johnson, 255 Minn. 173, 175, 96 N. W. (2d) 389, 391, we said:

"* * * The county need not furnish a complete transcript to every indigent prisoner in every criminal case merely because the defendant requests it. There must be a showing of the particular need for those parts of the transcript requested, and it is within the sound discretion of the trial court to determine what record the defendant needs in order to present the questions he wishes to raise on appeal."

We see no abuse in the court's discretion in failing to furnish more than the synopsis with which the defendant has already been provided.

■ With reference to the defendant's application for the appointment of an attorney to prosecute his appeal, it is only necessary to call attention to State v. Dahlgren, 259 Minn. 307, 318, 107 N. W. (2d) 299, 306, where we discussed statutory authorization with reference to appointment of counsel (§ 611.07, subd. 2) and said:

"* * * While this statute may be inadequate to permit the trial court or this court to compensate counsel appointed to represent a convicted indigent person upon an appeal, we think that it may be said that it is the duty of an attorney appointed to defend such person on the trial to continue such representation after conviction if he conscientiously believes that the defendant has not had a fair trial. The attorney having accepted appointment as defendant's counsel, the same relationship of attorney and client exists as in any case of private employment. Such attorney owes his client the same duty of fidelity as any other attorney. That is true whether the appointed attorney is a public defender or a private attorney. If he conscientiously believes that nothing can be accomplished by a review, he should so advise his client and

ask the trial court that he be relieved of further duties. If, however, he believes that the defendant has been deprived of a fair trial and a reasonable basis exists upon which there may be a reversal, he should proceed with the appeal."

It may well be, as the petition indicates, that the defendant's counsel now has little interest in pursuing an appeal. However, there is no showing on the record before us that he has been contacted or that he has refused to continue to act in behalf of the petitioner. Applying the statement of policy contained in the Dahlgren case to the record before us, we are not warranted in making an order appointing counsel to prosecute the petitioner's appeal.

Motions dismissed.