STATE EX REL. WILBER E. FARRINGTON v.
RALPH H. TAHASH.

115 N. W. (2d) 921.

June 29, 1962—No. 38,641.

*Syrus S. Kouri,* for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the State Prison.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying a petition for a writ of habeas corpus.

Defendant was convicted of murder in the first degree on December 12, 1939, and was sentenced to life imprisonment. A previous petition for a writ of habeas corpus was considered in State ex rel. Farrington v. Rigg, 259 Minn. 483, 107 N. W. (2d) 841.

In his present petition defendant claims that he has been denied due process of law in that (1) he cannot obtain a copy of the transcript of his trial; (2) three of defendant's guns, none of which was used in the crime, were introduced in evidence against him which he claims was done solely to prejudice the jury; and (3) his court-appointed attorney "rendered only the most casual and perfunctory representation."

■ Under Minn. St. 611.07, subd. 3, a defendant may be entitled to obtain a transcript of his trial where one is necessary for a full consideration of his petition for a writ of habeas corpus.[1] However, this is not an absolute right, but arises only when the district court or this

---

[1]Minn. St. 611.07, subd. 3, provides: "When a defendant convicted of a felony or a gross misdemeanor has appealed to the supreme court or has procured a writ of error, *or who has otherwise brought the validity of his conviction before the supreme court for review,* applies to the district court and makes an adequate showing that because of his poverty he is unable to pay for a transcript which he reasonably needs in presenting the alleged errors raised for appellate review, the district court shall, at the expense of the county in which the defendant was convicted, order a transcript, or a part or an abridgment of the transcript, or a bill of exceptions, as the case may be and as shall be necessary for a proper presentation of defendant's cause for appellate review, unless it shall appear that his cause upon review may properly be presented on the judgment roll referred to in section 632.04, or on the synopsis of the testimony prepared pursuant to section 640.10, or on any other abridgment or report of testimony made available by law, or on any combination of such available reports or records." (Italics supplied.)

court determines that there is some merit to the case and that a transcript is necessary to a determination of the issues raised. State v. Dahlgren, 259 Minn. 307, 107 N. W. (2d) 299. In this case, it does not appear that either of these requirements is met. In addition, it appears from a copy of an affidavit of the clerk of Hennepin County District Court attached to defendant's petition that because the court reporter present at defendant's trial has died, it is not possible to furnish a transcript of the testimony.

■ The matter of the introduction of defendant's guns in evidence could have been raised on appeal. However, it is fundamental that "reception of inadmissible evidence does not render a judgment subject to collateral attack in a habeas corpus proceeding." Shaw v. Utecht, 232 Minn. 82, 86, 43 N. W. (2d) 781, 784, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627.

■ Defendant's claim that his counsel was inadequate is based on the alleged fact that his counsel made no objection to the introduction in evidence of defendant's guns. In an affidavit, a copy of which was attached to his petition, defendant's wife and daughter stated: "No objections were made to any testimony or arguments made by the prosecuting officials, and from a layman's viewpoint it appeared that the court-appointed counsel for defendant was disinterested and in agreement with all allegations made by the prosecution."

In our opinion, these claims do not amount to a denial of due process of law. If defendant's counsel committed error, this could have been reviewed upon appeal; only when the incompetence of counsel is so great as to amount to a denial of counsel will habeas corpus lie. See, Shaw v. Utecht, *supra*. We find no showing of such incompetence in the instant case. As we noted in State ex rel. Butler v. Swenson, 243 Minn. 24, 29, 66 N. W. (2d) 1, 4, a *new trial* may be granted in exceptional cases for misconduct, fraud, or incompetence of defendant's counsel, but "it is not a ground for habeas corpus that the counsel appointed to represent a defendant made a mistake or was negligent or gave bad advice to his client."

Defendant has failed to show that he was denied a fair trial, and the district court properly denied the petition without a hearing.

Affirmed.