# STATE v. CHARLES RUSSELL.

138 N. W. (2d) 690.

December 10, 1965—No. 39,674.

Fred Allen, for appellant.

Robert W. Mattson, Attorney General, Linus J. Hammond, Assistant Attorney General, and D. P. Mattson, County Attorney, for respondent.

ROGOSHESKE, JUSTICE.

Defendant, a 39-year-old, unmarried war veteran, was convicted after trial of assault in the second degree. Execution of his sentence was stayed and he was placed on probation, which had continued for less than 2 months when probation was revoked and he was committed to prison.

In this appeal, taken with the assistance of counsel appointed by this court, defendant contends he was denied his constitutional right to a fair trial because (1) his conviction is not sustained by competent evidence; (2) the trial court failed to act on its own motion to protect against the receipt of improper evidence; (3) the trial court failed to include in its charge to the jury a cautionary instruction as to the credibility to be given to the testimony of the complainant, admittedly intoxicated at the time of the alleged assault; and (4) trial counsel, privately retained by him, was inadequate and inapt.

We have scrutinized the entire record before us and are persuaded that

defendant's contentions, viewed singly or collectively, would not justify granting a new trial.

Contrary to defendant's principal claim, the evidence is clearly sufficient to justify the jury's verdict. While the testimony of the complainant, a 47-year-old, married woman, was, because of her acknowledged intoxication at the time of the alleged assault, uncertain and indefinite as to details, viewed in its entirety it does provide reasonable support for finding that defendant assaulted and inflicted "grievous bodily harm" upon her when she was in his apartment.

Other evidence convincingly supports her testimony. We need only refer to the undisputed testimony concerning the nature and extent of her injuries, consisting of choke marks or finger marks on her neck, extensive bleeding, a fractured nose, an eye bruised to the point that it could not be opened except by external force, and a badly swollen face—nearly all of which was also demonstrably shown by pictures received in evidence. All of complainant's injuries were confined to her head and neck and none to any other parts of her body, thereby providing a sufficient basis for rejecting defendant's denial that he struck her with his fists and his testimony that her injuries resulted from falling upon the stairs of the apartment building while leaving in a drunken and hysterical condition.

As indicated, the state claimed the assault and resulting injuries occurred in defendant's apartment. The record conclusively establishes that complainant and defendant met while drinking intoxicants at a bar and agreed to and did go to his apartment by taxi; further, that she exhibited no injuries before they entered the apartment and, by defendant's own admission, before she began "screaming" hysterically for "help." Apart from complainant's own testimony, many facts tend to support the claim that a struggle and beating then and there took place. Evidence of blood on the bed sheet and on the floor nearby to such extent that a towel was saturated, as well as a disarranged rug and items of complainant's clothing found in the apartment and observed by the investigating police officers shortly after the incident, are all circumstances more consistent with defendant's guilt than his innocence. Unlike State v. Webber, 266 Minn. 224, 123 N. W. (2d) 193, relied upon by defendant, the evidence did

not consist principally of the testimony of the intoxicated victim; rather, the corroborating evidence strongly supports the victim's testimony and provides a sufficient basis for the jury's conclusion that defendant was guilty of the crime charged. It should be noted that neither complainant's intoxication nor her claimed acquiescence and subsequent refusal to engage in promiscuous conduct is any legal justification or excuse for an assault with intent to inflict grievous bodily harm.[1]

Our examination of the record does not reveal support for the claim that defendant's right to a fair trial was substantially prejudiced by any conduct on the part of the prosecuting attorney or defense counsel, or any instance where the trial court was required to intervene sua sponte to protect defendant's rights. In those instances where the witnesses' answers included more than that which was responsive to the question, the evidence was admissible and could have been brought out by appropriate questions. In the few instances where the unresponsive answer contained evidence which would have been excluded by proper objection, the testimony is clearly not prejudicial. We fail to find any instance where the statements of any witness injected such unerasable prejudice as to provoke the court's unrequested intervention in order to prevent it from being heard or considered by the jury. On the contrary, it is our view that the court exercised painstaking care to guard against the receipt of improper evidence. Also, the instructions, in our opinion, fully and fairly submitted the case to the jury.

Finally, we find no support for defendant's personal claim that his privately retained trial counsel rendered inadequate representation. To establish ineffective representation, it is not sufficient to complain about counsel's failure to challenge certain jurors or his failure to make proper objections and to submit requested instructions which a careful scrutiny of a transcribed record arguably might indicate would have been desirable. It is "only when the incompetence of counsel is so great as to amount to a denial of counsel" that the record will support a claim for relief.[2] Further:

---

[1] Minn. St. 1961, § 619.40; State v. Tripp, 34 Minn. 25, 24 N. W. 290; People v. Gray, 224 Cal. App. (2d) 76, 36 Cal. Rptr. 263.

[2] State ex rel. Farrington v. Tahash, 263 Minn. 165, 167, 115 N. W. (2d) 921, 923.

"* * * Where the defense is conducted by counsel selected by defendant * * *, it is only under very exceptional circumstances that a new trial will be granted on account of the manner in which the defense was conducted * * *." [3]

Such was not the case here. For the foregoing reasons, we conclude that defendant's conviction must be affirmed.

Affirmed.

---

[3] State v. Billington, 241 Minn. 418, 424, 63 N. W. (2d) 387, 391.